**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**
Case No. 3:14-CV-513

| | |
|---|---|
| JOSEPH W. GRIER, III, in his capacity as the court-appointed Receiver for James H. Mason, The JHM Forex Only Pool (f/k/a The JHM Forex Only Pool, LP) and Forex Trading At Home, <br><br> Plaintiff, <br><br> v. <br><br> STEPHEN H. GALLAGHER and LYNN J. GALLAGHER, both individually and in their capacity as Trustees of The Gallagher Family Trust, <br><br> Defendants. | |

## ORDER

**THIS MATTER** came before the Court upon the *Plaintiff's Motion for Prejudgment Attachment, Temporary Restraining Order and Preliminary Injunction* (Doc. No. 4) filed on September 17, 2014 by Joseph W. Grier, III, as receiver for James H. Mason ("Mason"), The JHM Forex Only Pool (f/k/a The JHM Forex Only Pool, LP), Forex Trading At Home and related/affiliated entities (collectively, the "Receivership Entities") and the plaintiff herein ("Plaintiff"), through counsel (the "Motion"). Through the Motion, Plaintiff seeks prejudgment attachment and a temporary restraining order (and, ultimately, a preliminary injunction) restraining and enjoining Stephen H. Gallagher and Lynn J. Gallagher, both individually and in their capacity as Trustees of The Gallagher Family Trust ("Defendants") and Defendants' agents, servants, employees, family members, friends and any and all persons acting in aid of or conjunction with Defendants from spending, transferring, encumbering, distributing, dissipating or otherwise disposing of assets traceable to the Receivership Entities, including, without

limitation, freezing any deposit accounts held by Defendants to which funds traceable to the Receivership Entities may have been deposited until such time as Plaintiff can conduct an accounting thereof. The Court, having reviewed the Motion and the record in this case, finds and concludes as follows:

1. This action is ancillary to the U.S. Commodity Futures Trading Commission's civil enforcement action current pending before the Court as case number 3:13-CV-196, in which Plaintiff serves as the duly-appointed receiver for the Receivership Entities.

2. Also on March 27, 2013, this Court entered a Statutory Restraining Order in the CFTC Action (the "Restraining Order") appointing Plaintiff as temporary receiver for the Receivership Entities. On May 22, 2013, this Court entered an Order of Preliminary Injunction in the CFTC Action (the "Preliminary Injunction") appointing Plaintiff as receiver for the Receivership Entities.

3. On April 5, 2013, a criminal complaint was filed against Mason charging Mason with criminal fraud based on the same facts and circumstances alleged in the CFTC Complaint. Mason pled guilty to these charges on June 27, 2014.

4. Upon reviewing the books and records for the Receivership Entities, Plaintiff has determined that Mason operated a Ponzi Scheme under the guise of an off-exchange foreign currency trading venture through the Receivership Entities, which have been insolvent at all times relevant to this action.

5. According to Plaintiff's allegations: Defendants deposited a total of $86,150.00 with the Receivership Entities and withdrew $362,150.00, resulting in $276,000.00 of net winnings from Mason's Ponzi Scheme; and $231,000.00 of Defendants' net winnings were used to purchase certain real property located at 1835 Canyon Court, Allen, Texas 75013-4743 and

being more specifically described as "Lot 18, Block M of Twin Creeks Phase 6A, an addition to the City of Allen, Collin County, Texas, according to the Amended Plat thereof recorded in Volume Q, Page 203, Map Records, Collin County, Texas" (the "Real Property").

6. Counsel for Plaintiff submitted an affidavit representing that:

   a. Plaintiff's counsel has been communicating with Defendants and Defendants' attorney in an effort to resolve Plaintiff's claims against Defendants;

   b. Defendants have taken the position that they have little to no assets upon which Plaintiff could levy in the event a judgment is entered in Plaintiff's favor;

   c. Defendants' counsel assured Plaintiff's counsel that Defendants would not transfer their interest in the Real Property;

   d. Defendants executed a Tolling Agreement promising to preserve the status quo between Defendants and Plaintiff;

   e. After negotiations stalled and within weeks of Plaintiff's indication to Defendants that litigation would be necessary, Defendants, as trustees of the Gallagher Family Trust, transferred the Real Property to Defendants, in their individual capacity, for no apparent consideration; and

   f. Defendants then borrowed money against the Real Property, executed a deed of trust on the Real Property securing the new loan and began spending the proceeds of the loan (the "Mortgage Proceeds").

7. In pursuing a motion pursuant to Rule 65 of the Federal Rules of Civil Procedure, a plaintiff must establish: (1) a likelihood of success on the merits; (2) that plaintiff is likely to suffer irreparable harm without the issuance of a preliminary injunction; (3) that the balance of the equities are in plaintiff's favor; and (4) that the injunction is in the public interest. *West Virginia Association of Club Owners and Fraternal Services, Inc. v. Musgrave*, 553 F.3d 292, 298 (4th Cir. 2009) (citing *Winter v. Natural Resource Defense Council, Inc.*, 555 U.S. 7, 20 (2008)).

8. When a temporary restraining order is entered without notice, Rule 65 requires that the order state the date and hour that it was issued, describe the injury and why it is

irreparable, provide reasons for why the order is entered without notice, and be promptly entered on the record. FED. R. CIV. P. 65(b)(2). In addition, the order must state the reasons why it issued, state its terms specifically and describe in reasonable detail the acts restrained or required. FED. R. CIV. P. 65(d)(1).

9. Given Plaintiff's intimate familiarity with the affairs of Mason and the Receivership Entities in the execution of his duties as receiver and that Mason has already pled guilty to the criminal charges against him, there is a strong likelihood that the facts will ultimately support Plaintiff's conclusions that: (a) Mason was operating a Ponzi Scheme through the Receivership Entities and the Receivership Entities were otherwise insolvent when the Receivership Entities transferred funds to Defendants; and (b) Defendants did not provide the Receivership Entities with reasonably equivalent value in exchange for their net winnings.

10. To the extent Defendants do not have sufficient assets other than the Real Property and Mortgage Proceeds to satisfy a judgment entered in Plaintiff's favor, Plaintiff would be irreparably injured by the inability to obtain a meaningful recovery for victims of Mason's Ponzi Scheme if Defendants were permitted to freely continue the dissipation of the value of the Real Property. This Order must be entered in advance of further notice and opportunity for hearing in order to preserve whatever value may be left for Mason's victims.

11. Assuming the accuracy of Plaintiff's allegations, Defendants are net winners in a Ponzi Scheme who are manipulating assets titled in their name in an effort to prevent Plaintiff from maximizing the return for the net losers of the Ponzi Scheme. By transferring interests in the Real Property and the Mortgage Proceeds shortly before the initiation of this action, it appears that Defendants: reneged on assurances to Plaintiff that they would not do so; potentially violated certain provisions of the Restraining Order and Preliminary Injunction; breached a

written contract entered into with Plaintiff to preserve the status quo; executed actually fraudulent transfers; and breached their duties as trustees of a constructive trust.  If these facts are true, Defendants have engaged in inequitable and fraudulent conduct since Plaintiff reached out to try to resolve this matter with Defendants and otherwise have unclean hands in their dealings with Mason, with the Receivership Entities and with Plaintiff. Thus, a balancing of the equities would lie in Plaintiff's favor.

12. The entry of the injunction sought by Plaintiff would not only discourage future fraudulent and opportunistic behavior by potential judgment debtors, but would also facilitate a more equitable distribution of assets to the victims of Mason's Ponzi Scheme. Accordingly, the public interest would be served by the entry of a temporary restraining order.

**IT IS, THEREFORE, ORDERED** that:

(a) the Motion for a Temporary Restraining Order is **GRANTED**; the Court will reserve judgment on Plaintiff's Motion for Prejudgment Attachment and Preliminary Injunction;

(b) Defendants and Defendants' agents, servants, employees, family members, friends and any and all persons acting in aid of or conjunction with Defendants are temporarily enjoined from spending, transferring, encumbering, distributing, dissipating or otherwise disposing of the Real Property, the Mortgage Proceeds or any funds or other proceeds traceable to the Receivership Entities;

(c) Any and all deposit accounts held by Defendants are temporarily frozen;

(d) This Order is entered as of the date and time appearing in the electronically-stamped footer below and shall expire fourteen (14) days after said date and time;

(e) The Court will conduct a hearing in this matter on **Friday, September 26, 2014 at 11 a.m.** in Courtroom 3 at the Charles R. Jonas Federal Building, 401 W. Trade Street, Charlotte, NC 28202 for the purpose of considering whether the temporary restraining order should be extended into a preliminary injunction and whether prejudgment attachment would be appropriate relief under these circumstances; and

(f) Copies of this Order shall be served on Defendants and Defendants' counsel at the addresses, including any email addresses, reasonably available to Plaintiff.

**SO ORDERED.**

Signed: September 18, 2014

Graham C. Mullen
United States District Judge